UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:15-cr-0065-JPH-DML |
| | ) | |
| RICKEY HIXON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 18, and 24, 2020, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on April 2, 2020.  Defendant Hixon appeared in person with his appointed counsel Dominic Martin.  The government appeared by Lawrence Hilton and Jeff Preston, Assistant United States Attorneys.  U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Hixon of his rights and provided him with a copy of the petition.  Defendant Hixon orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Hixon admitted violation number 2 . [Docket No. 34.]  Government orally moved to withdraw the remaining violation, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 2 | **"The defendant shall not commit another federal, state or local crime."** |
| | According to a probable cause affidavit, on March 27, 2020, an Indianapolis Metropolitan Police Officer was dispatched to a disturbance with a weapon in the 600 block of Arbor Avenue. Officers were looking for another subject in the area of the call and they encountered Mr. Hixon who fit the description of the wanted subject. An IMPD officer approached Mr. Hixon and confirmed his identity. The officer learned Mr. Hixon had an outstanding felony warrant, and attempted to place the offender under arrest. Mr. Hixon resisted and punched the IMPD officer in the face. Officers performed a take down technique on the offender while giving verbal commands for him to stop resisting arrest. After a brief struggle, the offender was taken into custody and charged with felony battery against a public safety official and misdemeanor resisting law enforcement. He is currently pending charges in Marion County case number 49G03-2003-F6-012618. An initial hearing was held and a $500 bond was set; however, he is still being held in custody for the outstanding felony warrant in Marion County case number 49G03-1509-F4-032233, burglary of a dwelling. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

5. The government recommended a sentence within the guideline range with supervised release to follow. Defendant recommended a sentence of four (4) months with supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the

Attorney General or his designee for a period of six (6) months with thirty-six (36) months of supervised release to follow. The Magistrate Judge holds the sentence of six (6) months in abeyance. If, during the course of supervised release, the defendant is found to have violated his conditions of supervised release, the defendant is subject to an additional sentence of six (6) months incarceration to be served consecutively to any sentence received. Defendant's conditions of supervised release are as follows:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: [substance abuse treatment] [substance abuse testing] [educational or vocational services program] [location monitoring]. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

    Justification: The offender has a history of drug use and possession. These conditions will assist the probation officer in monitoring the offender's compliance.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Justification: The offender has a history of drug use and possession. This condition will assist the probation officer in monitoring the offender's compliance.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    Justification: The offender has a history of drug use and possession, as well as possession and use of a firearm. This condition will assist the probation officer in monitoring the offender's compliance.

The Defendant is to be released pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 10/15/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system